UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA JEAN SMITH,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

Case No. 2:17-cv-12888
District Judge Stephen J. Murphy III
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**: The Court should dismiss Plaintiff's action without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), and for failure to show cause.

**II.    REPORT:**  This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's January 29, 2018 Order to Show Cause.  (DE 6.)

### A.  Background

On August 31, 2017, Plaintiff Pamela Jean Smith, who is represented by counsel, filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for a review of a final decision of the Commissioner of Social Security denying her applications for social security disability benefits and supplemental security income benefits. (DE 1.)  She also filed an application to proceed without prepaying fees or costs

1

that same day, which the Court granted on September 1, 2017. (DEs 2, 4.) Summons were issued for the Commissioner of Social Security on September 1, 2017 (DE 5), but Plaintiff appears to have failed to perfect service over Defendant in accordance with Federal Rule of Civil Procedure 4(m), and accordingly, Defendant Commissioner has not appeared. Therefore, on January 29, 2018, I issued a Show Cause Order, giving Plaintiff until February 8, 2018 to provide a written explanation as to "why the Court should not dismiss the Defendant Commissioner of Social Security from this action and why the Court should allow an extension of time to effect service." (DE 6 at 2.)  The Order also duly warns Plaintiff that, "In the event that Plaintiff fails to provide good cause, the Court will issue a Report and Recommendation that Plaintiff's claims against Defendant Commissioner of Social Security be dismissed without prejudice." (*Id.*)  To date, Plaintiff has not responded to the Show Cause Order.

### B. Standard

Federal Rule of Civil Procedure 4(m), provides in pertinent part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

### C. Discussion

2

The record demonstrates that more than 90 days have lapsed since Plaintiff's August 31, 2017 complaint was filed. Plaintiff has failed to show cause, despite being required to do so and despite being warned that such failure would result in a recommendation of dismissal. Plaintiff appears to have abandoned this case. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 4(m).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 20, 2018                           s/Anthony P. Patti
                                                Anthony P. Patti
                                                UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 20, 2018, electronically and/or by U.S. Mail.

                                                s/Michael Williams
                                                Case Manager for the
                                                Honorable Anthony P. Patti